UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-01182-SVW-E | Date | 3/30/2020 |
| Title | *James Cochran v. Garfield Beach CVS, LLC* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER REMANDING THIS CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION [1]

Before the Court is a Notice of Removal filed by Defendant Garfield Beach CVS, LLC ("Garfield CVS") on Feb. 5, 2020. Dkt. 1. The notice removes to federal court a state court lawsuit filed by James Cochran ("Plaintiff) on Oct. 23, 2019, which was served on Garfield CVS on Jan. 6, 2020. Dkt. 1-4. Plaintiff's state court complaint against CVS asserts a single negligence claim against Garfield CVS, for improperly filling a prescription with Lamotrigine, rather than the Losartan prescribed to treat his hypertension. Dkt. 1-3. Garfield CVS' Notice of Removal asserts that federal jurisdiction exists in this Court pursuant to 28 U.S.C. 1332(a) based on diversity jurisdiction, because the parties are completely diverse and the amount in controversy exceeds $75,000. Dkt. 1 at 3-5.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over lawsuits where complete diversity exists, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. *Id.* § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is

:

Initials of Preparer

PMC

any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

Where it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (quotation marks and citations omitted). The amount in controversy may include "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Gonzales*, 840 F.3d at 648–49. "Conclusory allegations as to the amount in controversy are insufficient." *Corral*, 878 F.3d at 774. In assessing the amount in controversy, a court may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy. *Kroske*, 432 F.3d at 980; *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).

Garfield CVS' notice of removal adequately alleges that complete diversity exists in this case, based on its allegations regarding the citizenship of the Plaintiff and of Garfield CVS as a limited liability corporation. Dkt. 1 at 3-4. But CVS has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. The state court complaint contains no specific damages amount and alleges only that as a result of Defendant's negligence in dispensing him Lamotrigine rather than Losartan, he suffered personal injuries and other damages, including but not limited to "pain, suffering, worry and anxiety" and was rendered "sick, sore, lame and disabled. Dkt. 1-3 at 2. The state court complaint also alleges that Plaintiff has incurred certain medical expenses, to be totaled and added to the complaint via amendment at a later date. *Id.* Garfield CVS asserts that these allegations make it "facially apparent" that the amount in controversy exceeds $75,000. Dkt. 1 at 5. The Court disagrees, given the lack of detail regarding the extent of any injuries suffered, and the lack of any request for attorney's fees or punitive damages asserted in the complaint. *See generally* Dkt. 1-3.

In support of its argument, Garfield CVS cites only a variety of circuit court cases addressing factual allegations in complaints that are substantially more detailed than those in Plaintiff's complaint. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization); *Matheson*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-01182-SVW-E | Date | 3/30/2020 |
|---|---|---|---|
| Title | *James Cochran v. Garfield Beach CVS, LLC* | | |

*v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003) (amount in controversy not "facially evident" when complaint sought damages "in excess of" $10,000 for economic loss, emotional distress, and punitive damages); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1065-66 (11th Cir. 2010) (statutory claim for wrongful death exceeded amount in controversy based on "judicial experience and common sense").

      Plaintiff's complaint lacks factual details beyond a vague assertion of damages that would permit this Court to conclude that it the amount in controversy is satisfied. The Court therefore determines that it lacks subject matter jurisdiction over this action and REMANDS the case to state court.

                                               : _____

Initials of Preparer

PMC